# IN THE SUPREME COURT OF TENNESSEE
## AT KNOXVILLE
Heard in Nashville
October 2, 2002 Session

## RICKY HARRIS v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Carter County**
**No. 10297     R. Jerry Beck, Judge**

---

**No. E1999-02771-SC-R11-PC - Filed April 16, 2003**

---

JANICE M. HOLDER, J., concurring.

I concur in the majority's holding that the petitioner's motion did not state grounds for reopening a post-conviction petition under Tennessee Code Annotated section 40-30-217(a). I also concur in the majority's holding that the Court of Criminal Appeals erred in sua sponte treating the motion as a petition for writ of error coram nobis. I write separately, however, for several reasons. Both the title and substance of the petitioner's pleading indicate that the pleading requested more than a reopening of the petitioner's post-conviction proceeding. The majority opinion fails to reflect the alternative nature of the pleading in this case. Because the majority fails to acknowledge the relief requested in the motion, I also disagree with its conclusion as to the role of the appellate courts in evaluating the petitioner's claims. Under the facts of this case, however, the petitioner waived the coram nobis issue. Moreover, even if the issue had not been explicitly waived, I disagree with the concurring and dissenting opinion's conclusion that the Court should address the tolling issue.

As the concurring and dissenting opinion points out, the petitioner titled his pleading "motion to reopen petition for post-conviction relief *or in the alternative, motion for a new trial based on newly discovered evidence*." (Emphasis added.) The petitioner alleged that he was entitled to a new trial because he had obtained newly discovered evidence supporting his alibi. Given the allegations of the pleading and its title, the trial court, under <u>Norton</u>, could have exercised its discretion to treat the alternative part of the motion as a petition for writ of error coram nobis. See <u>Norton v. Everhart</u>, 895 S.W.2d 317, 319 (Tenn. 1995) (holding that a trial court has discretion to treat a pleading according to the relief sought).

If on appeal the petitioner had complained that the trial court erred in failing to treat the alternative part of the motion as a petition for writ of error coram nobis, the Court of Criminal Appeals could have addressed whether the pleading raised a coram nobis claim. However, the petitioner affirmatively waived this issue in his appeal to the Court of Criminal Appeals. In his appeal filed in the Court of Criminal Appeals, the petitioner stated that he "never intended to file a

writ of error coram nobis in this case." He argued that "the writ of error coram nobis doesn't apply to the case at bar and the trial court abused its discretion in . . . deny[ing] the motion to reopen post conviction petition." Because the issue was explicitly waived, the Court of Criminal Appeals erred in sua sponte considering the alternative part of the motion as a petition for writ of error coram nobis.

The concurring and dissenting opinion acknowledges the dual nature of the motion. It fails, however, to acknowledge the petitioner's affirmative waiver of the coram nobis issue. Instead, the opinion concludes that the statute of limitations for the coram nobis claim should be tolled. Even if the petitioner had not disavowed his coram nobis claim in the intermediate court, in my opinion the tolling issue should not be addressed at this time because of the limited appellate record before us. The trial court has never had the opportunity to consider the facts alleged in support of the coram nobis claim and has never had the opportunity to consider whether the statute of limitations should be tolled.

Workman v. State, 41 S.W.3d 100 (Tenn. 2001), does not compel a contrary result. Both the Court of Criminal Appeals and the concurring and dissenting opinion rely on Workman to support the proposition that the statute of limitations for a petition for writ of error coram nobis in this case should be tolled. Reliance upon Workman is misplaced. In Workman, the Court held that due process required tolling of the coram nobis statute of limitations under the circumstances of that case. The present case, however, differs procedurally from Workman. In Workman, a petition for writ of error coram nobis was filed in the trial court, and the trial court specifically rejected Workman's claim that due process required tolling of the statute of limitations. 41 S.W.3d at 101. In this case, the trial court never had the opportunity to consider whether the coram nobis statute of limitations should be tolled. Furthermore, in Workman, there was no dispute that Workman had requested the evidence, that it was not produced, and that it was later provided to him. Id. at 103. In this case, the petitioner's factual allegations relevant to the tolling issue are subject to considerable dispute. Assuming that there had been no waiver of the coram nobis issue, the Court of Criminal Appeals should have remanded the case for further proceedings in the trial court with regard to the tolling issue. At such time, the trial court could have made its findings, and an appellate court could have properly exercised its role.

In conclusion, I concur in the majority's holding that it was error for the Court of Criminal Appeals to sua sponte treat the petitioner's motion as a petition for writ of error coram nobis. However, I would reach this holding because the petitioner affirmatively waived the issue of whether the trial court erred in failing to consider the alternative language in his motion as a petition for writ of error coram nobis. I agree with the majority's conclusion that the Court need not address the issue of whether the statute of limitations for a petition for writ of error coram nobis should be tolled in this case. Even if the coram nobis issue had not been waived, I would reach this conclusion for the additional reason that the case should have been remanded to the trial court to address the tolling issue.

_____
JANICE M. HOLDER, JUSTICE